UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN ADAMS, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | CASE NO. 1:04-cv-5392-OWW-SMS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 26) |

I.　Findings and Recommendations Following Screening of Second Amended Complaint

　　A.　Procedural History

Plaintiff Francis W. Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 8, 2004. On August 13, 2004, the court dismissed plaintiff's complaint with leave to amend for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on August 26, 2004. On February 4, 2005, the court dismissed plaintiff amended complaint for failure to state any claims upon which relief may be granted and granted plaintiff one final opportunity to amend. Plaintiff filed a second amended complaint on February 23, 2005.

　　B.　Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C. Summary of Plaintiff's Second Amended Complaint

The events at issue in the instant action allegedly occurred at California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names Warden Adams, Sergeant Morales, and a doe correctional officer as defendants. Plaintiff is seeking money damages and injunctive relief, and alleges that defendants violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

D. Plaintiff's Claims

1. Claim One - Deprivation of Property without Due Process of Law

In his second amended complaint, plaintiff alleges that defendant Doe deprived him of his personal property without due process of law when defendant Doe illegally destroyed his artwork.

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

1  Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer,
2  468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only
3  authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

4  Defendant Doe's improper destruction of plaintiff's artwork does not give rise to a claim for
5  relief under section 1983, because the Due Process Clause does not protect plaintiff against the
6  unauthorized, intentional acts such as those taken by defendant Doe. Id. Accordingly, the court shall
7  recommend that plaintiff's claim against defendant Doe be dismissed, with prejudice.

8      2.  Claim Two - Denial of Equal Protection

9  Plaintiff, a black inmate, alleges that defendant Morales discriminated against him based on
10  his race when defendant forced plaintiff to change buildings as a favor to defendant's friend, an
11  American Indian inmate. Plaintiff alleges that defendant's inmate friend wanted plaintiff's cell for
12  another American Indian inmate.

13  Equal protection claims arise when a charge is made that similarly situated individuals are
14  treated differently without a rational relationship to a legitimate state purpose. See San Antonio
15  School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a
16  violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that
17  defendants acted with intentional discrimination against plaintiff or against a class of inmates which
18  included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection
19  claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740
20  (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins.
21  Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998,
22  1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an
23  individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

24  In light of federal notice pleading standards, the court finds that plaintiff's allegations are
25  sufficient to give rise to a claim for relief under section 1983 against defendant Morales for violation
26  of the Equal Protection Clause. Fed. R. Civ. P. 8; Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-
27  15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750,
28  754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

### 3. Claim Three - Supervisory Liability

Warden Adams is named as a defendant in this action. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

In his second amended complaint, plaintiff alleges that defendant Adams is liable in this action because, based on an inmate appeal plaintiff filed, defendant knew or should have known that defendants Doe and Morales had violated plaintiff's rights. Plaintiff's allegations do not support a claim that defendant Adams personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. The fact that plaintiff filed an inmate appeal grieving the conduct of defendants Doe and Morales and that the appeal was reviewed by defendant Adams or his staff is not a basis upon which liability may be imposed on defendant Adams. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific

grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Plaintiff's second amended complaint does not state a cognizable claim for relief under section 1983 against defendant Adams. Accordingly, the court shall recommend that plaintiff's claim against defendant Adams be dismissed, with prejudice.

E.  Conclusion

The court finds that plaintiff's second amended complaint contains a cognizable claim for relief under section 1983 against defendant Morales for violating plaintiff's rights under the Equal Protection Clause. However, plaintiff's second amended complaint does not contain any other claims upon which relief may be granted. Plaintiff has previously been given leave to cure the deficiencies in his claims against defendants Doe and Adams. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's second amended complaint, filed February 23, 2005, only against defendant Morales on plaintiff's equal protection claim;

2. Plaintiff's due process claim against defendant Doe be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983; and

3. Plaintiff's claim against defendant Scribner, based on a theory of supervisory liability, be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

///
///
///

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: May 20, 2005**          /s/ Sandra M. Snyder
icido3                           UNITED STATES MAGISTRATE JUDGE