UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>           Plaintiff,<br><br>     v.<br><br>WARDEN ADAMS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:04-cv-5392-OWW-SMS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 32) |

Plaintiff Francis W. Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 17, 2005, plaintiff filed a motion seeking a preliminary injunction mandating that Correctional Officer Dulong be transferred to another prison and that Warden Adams designate D Yard as a yard for sex offenders only.[1] (Doc. 32.)

In his motion, plaintiff asserts that because this court did not grant his prior motion for preliminary injunctive relief, the court is responsible for the death of an inmate on the yard on March 20, 2005. (Docs. 25, 31.) In his previous motion, plaintiff sought a court order mandating that Facility D of the Substance Abuse Treatment Facility be placed on lock-down. (Doc. 20.) Plaintiff's assertions that the court erred in denying his motion and is therefore responsible for the unidentified inmate's death are without merit. As set forth below, the court lacks the jurisdiction to issue the orders sought by plaintiff.

---

[1] Plaintiff's other requests for relief are directed to the American Civil Liberties Union and are not addressed by the court. The ACLU was served with a copy of plaintiff's motion.

1

1   The purpose of a preliminary injunction is to preserve the status quo if the balance of
2 equities so heavily favors the moving party that justice requires the court to intervene to secure the
3 positions until the merits of the action are ultimately determined. University of Texas v. Camenisch,
4 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates
5 either (1) a combination of probable success and the possibility of irreparable harm, or (2) that
6 serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental
7 Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must
8 demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the
9 plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
10 demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
11 Id.

12   A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a
13 threshold and preliminary matter the court must have before it for consideration a "case" or
14 "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or
15 "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F.
16 2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue an injunction if it has personal
17 jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to*
18 *determine the rights of persons not before the court.*" Zepeda v. United States Immigration Service,
19 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

20   In a separate Findings and Recommendations issued concurrently with this Findings and
21 Recommendations, the court recommended that this action proceed on plaintiff's second amended
22 complaint only against defendant Morales for violating plaintiff's rights under the Equal Protection
23 Clause by forcing plaintiff to change buildings. The orders sought by plaintiff in his motion would
24 not remedy this claim. Therefore, the court lacks jurisdiction to issue the orders. Further, the orders
25 sought by plaintiff would not remedy the other claims alleged in the second amended complaint that
26 the court found were not cognizable under section 1983. The urgency and/or merits of plaintiff's
27 contentions concerning his safety concerns are not at issue. Assuming the truth of plaintiff's
28 ///

1  allegations concerning the seriousness of his safety concerns, the court cannot issue any orders in
2  this case to remedy those concerns.[2]

3  Because the court lacks jurisdiction to issue the orders sought by plaintiff, the court
4  HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed May 17,
5  2005, be DENIED.

6  These Findings and Recommendations will be submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
8  **days** after being served with these Findings and Recommendations, plaintiff may file written
9  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
11 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
12 1153 (9th Cir. 1991).

14 IT IS SO ORDERED.

15 **Dated:   May 20, 2005**            /s/ Sandra M. Snyder
   icido3                                UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that plaintiff believes he is in imminent danger and seeks immediate, non-monetary relief, one option available to plaintiff is the filing of a petition for habeas corpus relief in Kings County Superior Court.