UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>              Plaintiff,<br><br>    v.<br><br>WARDEN ADAMS, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:04-CV-5392-OWW-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO EXHAUST<br><br>(Doc. 47) |

I.    <u>Defendant's Motion to Dismiss</u>

    A.    <u>Procedural History</u>

Plaintiff Francis W. Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed February 23, 2005, against defendant Morales ("defendant") for violation of the Equal Protection Clause. (Doc. 35.) On February 17, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendant filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies. (Doc. 47.) Plaintiff filed an opposition to the motion on February 28, 2006.[1] (Doc. 49.)

///

///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on December 9, 2005. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 41.)

1

     B.     <u>Exhaustion Requirement</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

     C.     <u>Discussion</u>

Plaintiff, a black inmate, alleges that on July 8, 2003, defendant discriminated against him based on his race when defendant forced plaintiff to change buildings as a favor to defendant's friend, an American Indian inmate. (2nd Amend. Comp., Doc. 26, p. 7.) Defendant moves to dismiss this action on the ground that plaintiff did not exhaust the claim against him, as mandated by section 1997e(a). In support of his motion, defendant submits evidence that the appeals office at the California Substance Abuse Treatment Facility at Corcoran does not have any record of an appeal

2

filed by plaintiff concerning the act of discrimination complained of by plaintiff and that the Inmate Appeals Branch, which issues decisions at the final level of review, does not have any record of an appeal filed by plaintiff concerning his claim against defendant. (Motion, Doc. 47, Hall Dec., ¶8; Grannis Dec., ¶8.)

The Court finds that defendant has met his burden as the party moving for dismissal. The burden therefore shifts to plaintiff to set forth evidence demonstrating that he satisfied the exhaustion requirement.

Plaintiff sets forth numerous arguments, none of which is availing. Plaintiff contends that he submitted an inmate appeal to N. Grannis on July 9, 2003, the day after the incident at issue in this action, and received a response on August 4, 2003, instructing him to submit his appeal to the appeals coordinator. Plaintiff contends that he did as instructed, but the appeals coordinator screened out the appeal as untimely. Plaintiff contends that he also submitted an appeal to the Victim Compensation and Government Claims Board and to the Office of the Inspector General. Plaintiff argues that he tried repeatedly to exhaust prior to filing suit.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

Plaintiff's exhibits demonstrate that plaintiff did not follow the proper procedure for filing an inmate appeal. Instead of submitting his appeal at the institutional level, plaintiff attempted to bypass all lower levels of review and go directly to the Director's level, which is the final level of review. (Opp., Exhibit 1.) By the time plaintiff's appeal was returned to him by N. Grannis, Chief of the Inmate Appeals Branch, the branch which issues the Director's level decisions, and plaintiff attempted to submit his appeal to the appeals coordinator at the institutional level, the fifteen-day period within which to timely file an appeal had expired. (Exhibits 13, 14.) Although appeals

coordinators have the discretion to accept untimely appeals, tit. 15, §3084.3(c), they are not required to do so and did not do so in this instance, instead choosing to reject plaintiff's appeal as untimely. (Exhibit 15.)

Under <u>Ngo v. Woodford</u>, 403 F.3d 620, 631 (9th Cir. 2005), exhaustion occurred when an inmate's appeal was barred by the appeals coordinator on procedural grounds and "no further level of appeal remained in the state prison's internal appeals process." However, on June 22, 2006, the United States Supreme Court reversed the Ninth Circuit's decision in <u>Ngo</u> and held that "*proper exhaustion of administrative remedies is necessary*" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." <u>Ngo v. Woodford</u>, No. 05-416, 2006 WL 1698937, *2 (U.S. Jun 22, 2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." <u>Id</u>. at *5.

Plaintiff did not follow the proper appeals process procedure and by the time his attempt to bypass the institutional levels of appeal and go directly to the Director's level was rejected, the deadline for filing an appeal had expired and his appeal was rejected as untimely. Plaintiff's argument that the appeals coordinator at the institution was required to accept his appeal because N. Grannis told plaintiff to submit the appeal to the appeals coordinator is without merit. Plaintiff failed to properly follow the rules governing the submission of appeals and his appeal was barred as a direct result. Pursuant to the recent decision in <u>Ngo</u>, the Court finds that plaintiff failed to exhaust the administrative remedies as mandated by section 1997e(a).

With respect to other processes, plaintiff's submission of his complaint to the Victim Compensation and Government Claims Board and to the Office of the Inspector General do not satisfy the exhaustion requirement. The inmate appeals process at the prison is the administrative process provided for grieving prison conditions and it is this process which must be utilized in order to satisfy the exhaustion requirement. <u>See</u> <u>Ngo</u>, 2006 WL 1698937, *3; <u>see also</u> <u>Rumbles v. Hill</u>, 182 F.3d 1064, 1069 (9th Cir. 1999) (compliance with the California's Tort Claims Act does not satisfy the exhaustion requirement set forth in 42 U.S.C. § 1997e(a)) (overruled in part by <u>Booth v. Churner</u>, 532 U.S. 731 (2001)).

///

D.     Conclusion

For the foregoing reasons, the Court finds that plaintiff did not exhaust the available administrative remedies concerning his claim against defendant. Accordingly, the Court HEREBY RECOMMENDS that defendant's unenumerated Rule 12(b) motion, filed February 17, 2006, be GRANTED and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust the available administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 26, 2006**             /s/ Sandra M. Snyder
icido3                                                   UNITED STATES MAGISTRATE JUDGE